UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SHANNON POMEROY,

    Plaintiff,

v.

AVIATION MANAGEMENT
SALES, LLC and BRIAN HINKLE,

    Defendants.
_____/

## C O M P L A I N T

Plaintiff, SHANNON POMEROY, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, AVIATION MANAGEMENT SALES, LLC, and BRIAN HINKLE, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto AVIATION MANAGEMENT SALES, LLC had employees engaged in interstate commerce or in the production of goods for interstate commerce,

and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, AVIATION MANAGEMENT SALES, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, BRIAN HINKLE was Plaintiff's employer as defined by law. BRIAN HINKLE had operational control over AVIATION MANAGEMENT SALES, LLC and is directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, BRIAN HINKLE controlled the finances for AVIATION MANAGEMENT SALES, LLC.

9. At all times material hereto, Plaintiff was individually engaged in interstate commerce while working for Defendants.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

10. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

11. Plaintiff worked for Defendants from approximately January 2015 to September 2019.

12. Plaintiff worked for Defendants as aviation hangar supervisor.

13. Plaintiff's primary duties and responsibilities included overseeing the hiring and training of new employees, inspection of other employees' work, and supervising projects.

14. Plaintiff was paid at a rate of $1,000.00 per week as long as Plaintiff worked 40 hours. When Plaintiff worked less than 40 hours per week Plaintiff was paid $25.00 per hour in 2017-2019 and $18.00 per hour in 2015-2016.

15. Plaintiff was not paid on a salary basis.

16. Plaintiff was not paid the same amount each week.

17. Plaintiff's weekly pay was subject to reduction based on quantity of work performed.

18. Plaintiff's weekly pay was subject to reduction based on the number of hours he worked.

19. Plaintiff's weekly pay was subject to reduction if he worked less than forty (40) hours.

20. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

21. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

22. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

23. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

24. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

25. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

<u>COUNT II: FLSA RECOVERY OF OVERTIME WAGES
COLLECTIVE ACTION COUNT</u>

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

27. Plaintiff worked for Defendants from approximately January 2015 to September 2019.

28. Plaintiff worked for Defendants as aviation hangar supervisor.

29. Plaintiff's primary duties and responsibilities included overseeing the hiring and training of new employees, inspection of other employees' work, and supervising projects.

30. Plaintiff was paid at a rate of $1,000.00 per week as long as Plaintiff worked 40 hours. When Plaintiff worked less than 40 hours per week Plaintiff was paid $25.00 per hour in 2017-2019 and

$18.00 per hour in 2015-2016.

31. Plaintiff was not paid on a salary basis.

32. Plaintiff was not paid the same amount each week.

33. Plaintiff's weekly pay was subject to reduction based on quantity of work performed.

34. Plaintiff's weekly pay was subject to reduction based on the number of hours he worked.

35. Plaintiff's weekly pay was subject to reduction if he worked less than forty (40) hours.

36. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

37. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

38. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

39. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

40. Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

41. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

42. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands

judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT III: BREACH OF CONTRACT

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

44. Plaintiff worked for AVIATION MANAGEMENT SALES, LLC from approximately January 2015 to September 2019.

45. Plaintiff worked for AVIATION MANAGEMENT SALES, LLC as an aviation hangar supervisor.

46. Plaintiff's primary duties and responsibilities included overseeing the hiring and training of new employees, inspection of other employees' work, and supervising projects.

47. Plaintiff and AVIATION MANAGEMENT SALES, LLC entered into an agreement whereby Plaintiff was asked to lend money to Defendants to purchase a plane.

48. Plaintiff agreed to lend Defendants $63,000.

49. In exchange, Defendants agree to repay the money lent by Plaintiff to Defendants.

50. Defendants also agreed to compensate Plaintiff in the amount of 10% of the profits from the plane they purchased using the money lent to them by Plaintiff (e.g. 10% of the profits from the re-sale of the plane and/or its parts).

51. Defendants repaid Plaintiff for the $63,000 loan.

52. Defendants did not pay Plaintiff 10% of the profits they derived from the plane.

53. Defendants breached the agreement they had with Plaintiff to pay Plaintiff a portion of the profits made from the plane.

54. Jurisdiction is conferred on this Court by 28 U.S.C. §1367.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages,

attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, SHANNON POMEROY, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
SHANNON POMEROY, as Plaintiff
05/15/2020
_____
DATE


Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:  /s/Todd W. Shulby, Esq.
     Todd W. Shulby, Esq.
     Florida Bar No.: 068365